IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MATEO HERNANDEZ, Individually and as Wrongful Death Beneficiary of Juan Carlos Hernandez, and SONIA YANEZ, Individually and as Representative of the Estate of Juan Carlos Hernandez, and CHARLES LADSON,<br><br>　　Plaintiffs,<br><br>v.<br><br>KEN'S TIRE & AUTO SERVICE, LLC, and THE GOODYEAR TIRE & RUBBER CO.,<br><br>　　Defendants. | Civil Action No. 5:22-cv-704<br><br>Jury Requested |

**Defendant The Goodyear Tire & Rubber Company's
<u>Notice of Removal</u>**

Defendant The Goodyear Tire & Rubber Company ("Goodyear") files this Notice of Removal and respectfully shows the Court the following:

**Compliance with Rules**

1.　A Civil Cover Sheet (AO Form JS 44) is attached to this pleading pursuant to Local Court Rule CV-3(a). *See* Ex. A, Civil Cover Sheet.

2.　Plaintiffs filed this lawsuit May 3, 2022, in the 438th District Court of Bexar County, Texas. *See* Ex. B, State Court Docket Sheet; Ex. C, Plaintiffs' Original Petition. Plaintiffs served Goodyear with their First Amended Petition on

June 1, 2022. *See* Ex. D, Citation and Plaintiffs' First Amended Petition. Plaintiffs filed a Second Amended Petition on June 2, 2022, and a Third Amended Petition on June 21, 2022. *See* Ex. E-F, Plaintiffs' Second Amended Petition and Plaintiffs' Third Amended Petition. Goodyear filed its Answer to Plaintiffs' First Amended Petition—the only petition it was formally served with—in state court on June 27, 2022. *See* Ex. G, Goodyear's Original Answer and Affirmative Defenses.

3.  Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings, and orders" served upon Goodyear are attached to this notice. The only documents formally served upon Goodyear were the citation and Plaintiffs' First Amended Petition. For the sake of clarity and to support its arguments, Goodyear also attaches the state court docket sheet along with all other iterations of Plaintiffs' petition, Goodyear's Answer, and three additional documents:

| **Exhibit A** | Civil Cover Sheet |
| **Exhibit B** | State Court Docket Sheet |
| **Exhibit C** | Plaintiffs' Original Petition |
| **Exhibit D** | Citation and Plaintiffs' First Amended Petition |
| **Exhibit E** | Plaintiffs' Second Amended Petition |
| **Exhibit F** | Plaintiffs' Third Amended Petition |
| **Exhibit G** | Goodyear's Original Answer and Affirmative Defenses |
| **Exhibit H** | Police Report |
| **Exhibit I** | Affidavit of Jack Baumann |
| **Exhibit J** | Ken's Tire's Consent to Removal |

## Overview of the Lawsuit

4. Goodyear removes the state court action styled *Mateo Hernandez, Individually and as Wrongful Death Beneficiary of Juan Carlos Hernandez, and Sonia Yanez, Individually and as Representative of the Estate of Juan Carlos Hernandez, and Charles Ladson*, Cause No. 2022-CI08165, in the 438th Judicial District Court of Bexar County, Texas.

5. This lawsuit arises out of injuries Plaintiffs allege decedent Juan Carlos Hernandez and Plaintiffs Mateo Hernandez and Charles Ladson sustained in a June 1, 2021 single-vehicle rollover crash. See Ex. F, ¶ 16. Plaintiffs contend their injuries and damages were caused by an allegedly defective Goodyear tire sold by Defendant Ken's Tire & Auto Service, LLC. See Ex. F, ¶¶ 18-19, 21-22, 24-26.

## Grounds for Removal

6. Goodyear removes this action pursuant to 28 U.S.C. § 1441(a).

7. This Court has jurisdiction based on 28 U.S.C. § 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

8. Plaintiffs are Texas citizens, and no properly joined defendant is a Texas citizen. Complete diversity of citizenship has existed from the time Plaintiffs filed the underlying state court action on May 3, 2022, until now.

## I. The properly joined parties are diverse.

9. Plaintiffs allege they are Texas citizens. *Ex. F*, ¶¶ 2-3.

10. Defendant Goodyear is an Ohio corporation with its principal place of business in Akron, Ohio. Goodyear is, therefore, a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1). *See also* Ex. F, ¶ 5 (acknowledging Goodyear is a "foreign for-profit corporation").

## II. The Court should disregard the citizenship of Ken's Tire & Auto Service, LLC, the only non-diverse defendant, because it is improperly joined.

11. Plaintiffs allege Defendant Ken's Tire & Auto Service, LLC ("Ken's Tire") is "a limited liability company doing business in Texas." Ex. F, ¶ 4. "'[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). The Third Amended Petition contains no allegations about the citizenship of the members of Ken's Tire. But even if Ken's Tire is indeed a citizen of Texas, the Court should disregard that citizenship because Plaintiffs cannot establish a cause of action against Ken's Tire—it is an improperly joined defendant, and its citizenship should not be considered in the diversity analysis. *See, e.g.*, *Tommaso v. State Farm Lloyds*, No. 7:15-CV-00274, 2016 U.S. Dist. LEXIS 188842, at *4 (S.D. Tex. Sept. 28, 2016) ("The residency of non-diverse defendants who have been improperly joined is not considered for diversity jurisdiction purposes.").

### A.     The test for improper joinder.

12.    To establish improper joinder, a removing party must demonstrate either (1) actual fraud in the pleading of jurisdictional facts or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Goodyear removes this case based on the latter test: Plaintiffs cannot establish a cause of action against Ken's Tire, the only non-diverse defendant.

13.    In applying this test, the Court may conduct a Rule 12(b)(6)-type analysis, looking solely at the allegations in the plaintiffs' state court petition. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). For purposes of an improper joinder analysis, the *Twombly* plausibility pleading standard (rather than the lower, Texas state "fair notice" pleading standard) applies. *Int'l Energy Ventures Mgmt. L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200-02 (5th Cir. 2016); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The removing party need not demonstrate an absence of any possibility of recovery in state court; it must demonstrate only there is no reasonable basis for predicting the plaintiff will recover in state court. *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004). *See also Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003)

("[T]here must be a *reasonable* possibility of recovery, not merely a *theoretical* one.") (emphasis in original).

14. When deciding whether a plaintiff has a reasonable basis for recovery, the Court is limited to analyzing the causes of action and allegations asserted in the state court petition. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). If the allegations in the petition against a non-diverse defendant could not survive a Rule 12(b)(6) challenge, there is no reasonable basis to predict the plaintiff might be able to recover against that defendant. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

### B. The Texas Products Liability Act applies to Plaintiffs' claims against Ken's Tire.

15. The Texas Products Liability Act ("TPLA") applies broadly to

> . . . any action against a . . . seller for recovery of damages arising out of personal injury [or] death . . . allegedly caused by a defective product whether the action is based in . . . negligence, . . . breach of . . . implied warranty, or any other theory or combination of theories.

TEX. CIV. PRAC. & REM. CODE § 82.001(2).

16. Plaintiffs allege negligence and breach of implied warranty claims against Ken's Tire. *See* Ex. F, ¶¶ 17-22. They contend Ken's Tire negligently sold a defective tire in the wrong size to Plaintiffs' employer, Trac-Work, Inc., and impliedly warranted it was fit for use on a Ford F-350. *Id.* Both of Plaintiffs' claims against Ken's Tire are "against a . . . seller for recovery of damages arising out of

6

personal injury [or] death . . . allegedly caused by a defective product" and based in negligence or breach of implied warranty.  TEX. CIV. PRAC. & REM. CODE § 82.001(2).  The claims fall squarely within the scope of the TPLA.

    **C.**    **Plaintiffs cannot establish a cause of action against Ken's Tire because Ken's Tire is a nonmanufacturing seller immune from liability under the TPLA.**

    17.    Under the TPLA, a nonmanufacturing seller like Ken's Tire is generally immune from liability unless Plaintiffs plead one of seven explicitly codified exceptions.  *See* TEX. CIV. PRAC. & REM. CODE § 82.003(a).  *See also Diamond H. Recognition LP v. King of Fans, Inc.*, 589 F. Supp. 2d 772, 776 (N.D. Tex. 2008) (Section 82.003 "is a defensive device that provides a general rule of no liability unless the plaintiff can prove facts invoking an exception to the rule." (citation omitted)).  For purposes of removal, the plaintiff must have pleaded specific facts sufficient to invoke one of the exceptions.  *Gonzalez v. Estes, Inc.*, No. SA-10-CA-0038-XR, 2010 U.S. Dist. LEXIS 14714, at *14-15 & n.5 (W.D. Tex. Feb. 19, 2010).  *See also Sanders v. Husqvarna, Inc.*, No. 3-12-258, 2012 U.S. Dist. LEXIS 155063, at *6 (S.D. Tex. Oct. 22, 2012) ("whether [the non-diverse, nonmanufacturing seller] is a proper party therefore turns on whether Plaintiffs have successfully pleaded one of these seven exceptions").

    18.    Courts routinely hold a plaintiff who fails to allege a Section 82.003(a) exception has no possibility to recover against a nonmanufacturing seller.  *See, e.g.*,

*State Farm Lloyds v. Polaris Indus.*, No. 6-12-19, 2012 U.S. Dist. LEXIS 129045, at *6-10 (S.D. Tex. Sept. 11, 2012) (denying motion to remand because plaintiff failed to allege any exception and therefore failed to state a viable claim against the local seller of the subject ATV); *Garcia v. Nissan Motor Co.*, No. M-05-59, 2006 U.S. Dist. LEXIS 20165, at *9-22 (S.D. Tex. Mar. 30, 2006) (denying motion to remand because plaintiff could not establish a Section 82.003 exception and therefore local auto dealership defendant was improperly joined).

19. Plaintiffs do not allege—and *cannot* allege—facts to support a Section 82.003 exception as to Ken's Tire. They do not allege Ken's Tire participated in the design of the tire or modified it. TEX. CIV. PRAC. & REM. CODE § 82.003(a)(1-2). They do not allege Ken's Tire exercised substantial control over the content of a warning or instruction that accompanied the tire. *Id.* at (a)(4). They do not allege Ken's Tire made an express factual representation about the tire or actually knew of a defect in the tire, and they do not allege Goodyear is insolvent or not subject to jurisdiction in district court. *Id.* at (a)(5-7). And finally, though they attempt to plead around this fact, Plaintiffs do not allege Ken's Tire installed the subject tire on the subject vehicle. *Id.* at (a)(3).

20. Although the Court generally only looks to the face of the pleadings for this analysis—and in fact need not look any farther here to see no Section 82.003 exception applies—the Court "has some discretion to 'pierce' the pleadings to

consider discrete, undisputed summary judgment-like evidence that would preclude the plaintiff's claims against the defendant." *Tommaso*, 2016 U.S. Dist. LEXIS 188842, at *5 (citing *Smallwood*, 385 F.3d at 573). Such piercing here definitively demonstrates Plaintiffs cannot solve their pleading problem by simply amending, because Ken's Tire *did not install* the subject tire on the subject vehicle:

- The police report for the subject crash demonstrates the vehicle involved was a 2016 Ford F-350 bearing VIN 1FT7W3A60GEA51030 and owned by Trac-Work, Inc. *See* Ex. H, Police Report.

- An affidavit from Ken's Tire confirms Ken's Tire never sold or installed tires matching the description of the subject tire (225/70 R19.5 G647, bearing DOT number MJ9YJ2AW 1719) on the vehicle involved in the subject crash. *See* Ex. I, Aff. of J. Baumann, at ¶ 4. *See also* Ex. F, ¶ 11 (description of subject tire).

Ken's Tire did not install the subject tire on the subject vehicle, and Plaintiffs know it: all four iterations of their petition meticulously avoid admitting this fact. *See* Ex. C-F.

21.     None of Plaintiffs' allegations invoke a Section 82.003(a) exception that confers liability on Ken's Tire, a non-manufacturing seller. And based on the facts of this case, none of those exceptions ever *could* apply. Plaintiffs have no possibility of recovery from Ken's Tire, and this Court should dismiss Ken's Tire as an improperly joined defendant and ignore its citizenship for purposes of diversity.

## Procedural Requirements of Removal

### A.  Timeliness

22.  Goodyear was served with Plaintiffs' First Amended Petition on June 1, 2022.  *See* Ex. D.  Accordingly, this Notice of Removal is timely filed because thirty days have not elapsed since Plaintiffs served Goodyear with the petition.  *See* 28 U.S.C. § 1446(b)(1).

### B.  Venue

23.  Plaintiffs brought this action in the 438th Judicial District Court of Bexar County, Texas, which is located within the Western District of Texas, San Antonio Division.  28 U.S.C. § 124(d)(4).  Venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

### C.  Amount in Controversy

24.  The amount in controversy is greater than $75,000; Plaintiffs' Third Amended Petition states they "plead and will prove monetary relief over $1,000,000.00." *See* 28 U.S.C. § 1446(c)(2); Ex. F, ¶ 6.

### D.  Compliance with Notice and Filing Requirements

25.  Pursuant to 28 U.S.C. § 1446(d), Goodyear will promptly give written notice of the filing of this Notice to all parties through their attorneys of record (as to Plaintiffs) or via their address on file in state court (as to Ken's Tire, which is not

represented by counsel). Goodyear will also promptly file a copy of this Notice of Removal with the clerk for the 438th Judicial District Court of Bexar County, Texas.

26. As stated in Paragraph 3, Goodyear attaches as exhibits to this Notice copies of all process, pleadings, and orders served upon it in state court as required by 28 U.S.C. § 1446(a).

### E. Filing Fee

27. Goodyear will tender the appropriate filing fee to the Clerk of the United States District Court for the Western District of Texas, San Antonio Division.

### F. Consent to Removal

28. The consent requirement only applies to "properly joined and served defendants." 28 U.S.C. § 1446(b)(2)(A). *See also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("application of this [consent] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."). Thus, Goodyear is not required to obtain consent from Defendant Ken's Tire. Nevertheless, Ken's Tire consents to this removal. *See* Ex. J, Ken's Tire's Consent to Removal.

### Jury Demand

29. Goodyear previously demanded a jury trial in accordance with state law and will pay the appropriate jury fee to the United States District Court. *See* Ex. G, p. 5. *Cf.* FED. R. CIV. P. 81(c)(3)(A).

## Conclusion

30. All conditions and procedures for removal have been satisfied. Based on the foregoing, Goodyear removes this case to this Court.

Respectfully submitted,

By: */s/ Jack E. Little, Jr.*
    Jack E. Little, Jr.
    State Bar No. 12420010
    W.D. No. 12533
Attorney-In-Charge
WEINSTEIN TIPPETTS & LITTLE LLP
7500 San Felipe, Suite 500
Houston, TX 77063
Telephone: (713) 244-0800
Facsimile: (713) 244-0801
jack.little@wtllaw.com

OF COUNSEL:

WEINSTEIN TIPPETTS & LITTLE LLP
Emily J. Bogenschutz
State Bar No. 24085211
emily.bogenschutz@wtllaw.com

*Attorneys for Defendant*
*The Goodyear Tire & Rubber Company*

## Certificate of Service

This instrument was served on the following counsel in compliance with Rule 5 of the Federal Rules of Civil Procedure via Certified Mail, Return Receipt Requested, on July 1, 2022:

Robert E. Ammons
THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Boulevard
Houston, Texas 77006
rob@ammonslaw.com
kyle@ammonslaw.com
**Attorneys for Plaintiffs**

Tim Maloney
THE LAW OFFICES OF MALONEY & CAMPOLO
926 S. Alamo Street
San Antonio, Texas 78205
tmaloney@maloneyandcampolo.com
cmartinez@maloneyandcampolo.com
**Attorneys for Plaintiffs**

Kenneth M. Smith
Rodolfo Trejo
7902 Mainland Dr.
San Antonio, Texas
**Defendant Ken's Tire and Auto Service, LLC**

/s/ Jack E. Little, Jr.
Jack E. Little, Jr.