FILED
5/3/2022 9:04 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 438th District Court

Case 5:22-cv-00704-OLG   Document 1-3   Filed 07/01/22   Page 1 of 7

**2022CI08165**

CAUSE NO. _____

| | | |
|---|---|---|
| MATEO HERNANDEZ and<br>SONIA YANEZ, Individually and as the<br>Wrongful Death Beneficiaries of<br>JUAN CARLOS HERNANDEZ, Deceased;<br>and CHARLES LADSON<br>*Plaintiffs*<br><br>v.<br><br>KEN'S TIRE & AUTO SERVICE, LLC<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br><br><br><br><br><br>BEXAR COUNTY, TEXAS<br><br><br>_____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs MATEO HERNANDEZ and SONIA YANEZ, Individually and as Wrongful Death Beneficiaries of JUAN CARLOS HERNANDEZ, Deceased, and CHARLES LADSON, complaining of KEN'S TIRE & AUTO SERVICE, LLC, Defendant, and for cause of action would show the Court as follows:

### DISCOVERY-CONTROL PLAN

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiffs will proceed with discovery under a Level 3 Discovery Control Plan.

### PARTIES

2. Plaintiffs Mateo Hernandez ("Hernandez") and Sonia Yanez are the surviving parents of Juan Carlos Hernandez ("Decedent") and resident citizens of Texas.

3. Plaintiff Charles Ladson is a resident citizen of Texas.


EXHIBIT C

4.  Defendant Ken's Tire & Auto Service, LLC (hereinafter "Ken's Tire") is a limited liability company doing business in Texas. Ken's Tire can be served with process through its registered agent Kenneth M. Smith, 7902 Mainland Dr., San Antonio, TX 78250.

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over the subject matter in controversy because the damages sought are within the jurisdictional limits of this Court. Accordingly, Plaintiffs plead and will prove monetary relief over $1,000,000.00.

6.  Venue is proper and maintainable in Bexar County because Defendant Ken's Tire's principal office is in said county. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3).

## FACTUAL BACKGROUND

7.  This case is necessary to collect damages due and owing Plaintiffs from a crash that killed Juan Carlos Hernandez and injured Mateo Hernandez and Charles Ladson.

8.  On or about June 1, 2021, Plaintiffs Hernandez, Ladson, and the Decedent were traveling in a Ford F-350 ("Truck") when the right rear tire of the Truck failed, causing the Truck to enter the median and roll several times.

9.  The pair of Goodyear G647 RSS Size 225/70R19.5 tires ("Tires") on the rear of the Truck were purchased from Defendant Ken's Tire. The Tires sold by Ken's Tire were larger than the original equipment tires and the increase in height raised the Truck's center of gravity beyond design specifications, increasing the Truck's propensity to roll when tire failures occurred. Ken's Tire profited from the sale of the Tires but never disclosed the additional hazard to the customer at the time of sale.

10. As a result of the accident, Juan Carlos Hernandez was killed and Mateo Hernandez and Charles Ladson were severely injured.

## CAUSE OF ACTION
## (NEGLIGENCE – DEFENDANT KEN'S TIRE & AUTO SERVICE, LLC)

11. Plaintiffs incorporate by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

12. Plaintiffs allege that Defendant Ken's Tire had a duty to act as a reasonable and prudent commercial tire service and retail center would have acted under the same or similar circumstances, and to exercise ordinary care. Plaintiffs allege that Defendant Ken's Tire breached such duties by selling Tires that were too large for the Truck and failing to warn that the Subject Tires would raise the Truck's center of gravity adversely affecting the Truck's handling and stability and increasing the Truck's propensity to roll.

13. Each of the above acts and/or omissions singularly and cumulatively constitutes negligence and was a proximate cause of the crash in question, the fatal injuries to Juan Carlos Hernandez, the injuries suffered by Mateo Hernandez and Charles Ladson, and the resulting damages to Plaintiffs.

## DAMAGES

### *Wrongful Death of Juan Carlos Hernandez*

14. Plaintiffs incorporate by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

15. As a direct and proximate result of Defendant's actions and conduct set forth above, Juan Carlos Hernandez died and Plaintiffs Mateo Hernandez and Sonia Yanez suffered damages for which they seek recovery from Defendant.

16. Plaintiffs Mateo Hernandez and Sonia Yanez seek to recover for their past and future pecuniary loss. "Pecuniary loss" means the loss of the care, maintenance, support, services, advice,

counsel, and reasonable contributions of a pecuniary value, excluding loss of inheritance, that Mateo Hernandez and Sonia Yanez would have received from Juan Carlos Hernandez had he lived.

17. Plaintiffs Mateo Hernandez and Sonia Yanez seek to recover for their past and future loss of companionship and society. "Loss of companionship and society" means the loss of positive benefits flowing from the love, comfort, companionship, and society that they would have, in reasonable probability, received from Juan Carlos Hernandez had he lived.

18. Plaintiffs Mateo Hernandez and Sonia Yanez seek to recover for their past and future mental anguish. "Mental anguish" means the emotional pain, torment, and suffering they have and will experience because of the death of Juan Carlos Hernandez

### *Personal Injury Damages – Plaintiff Mateo Hernandez*

19. As a result of the negligent acts and/or omissions described above, Plaintiff Mateo Hernandez has suffered serious injuries and damages.

20. Because of the nature and severity of the injuries sustained, Plaintiff Mateo Hernandez has suffered physical pain and mental anguish and, in reasonable probability, will continue to suffer physical pain and mental anguish in the future and for the rest of his life.

21. Because of the nature and severity of the injuries sustained, Plaintiff Mateo Hernandez has suffered physical impairment and, in reasonable probability, will continue to suffer physical impairment in the future and for the rest of his life.

22. Because of the nature and severity of the injuries sustained, Plaintiff Mateo Hernandez has suffered disfigurement and, in reasonable probability, will continue to suffer disfigurement in the future and for the rest of his life.

23. Because of the nature and severity of the injuries sustained, Plaintiff Mateo Hernandez has required medical treatment in the past and, in reasonable probability, will require other and additional

treatment in the future. Charges for such medical treatment that have been made in the past and those which will, in reasonable probability, be made in the future and for the rest of his life have been and will be reasonable charges made necessary by the collision in question.

### *Personal Injury Damages – Plaintiff Charles Ladson*

24. As a result of the negligent acts and/or omissions described above, Plaintiff Charles Ladson has suffered serious injuries and damages.

25. Because of the nature and severity of the injuries sustained, Plaintiff Charles Ladson has suffered physical pain and mental anguish and, in reasonable probability, will continue to suffer physical pain and mental anguish in the future and for the rest of his life.

26. Because of the nature and severity of the injuries sustained, Plaintiff Charles Ladson has suffered physical impairment and, in reasonable probability, will continue to suffer physical impairment in the future and for the rest of his life.

27. Because of the nature and severity of the injuries sustained, Plaintiff Charles Ladson has suffered disfigurement and, in reasonable probability, will continue to suffer disfigurement in the future and for the rest of his life.

28. Because of the nature and severity of the injuries sustained, Plaintiff Charles Ladson has required medical treatment in the past and, in reasonable probability, will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will, in reasonable probability, be made in the future and for the rest of his life have been and will be reasonable charges made necessary by the collision in question.

### **PRE-JUDGMENT INTEREST**

29. Plaintiffs would additionally say and show that they are entitled to recovery of pre-judgment interest and attorneys' fees in accordance with law and equity as part of their damages herein, and

Plaintiffs here and now sue for recovery of pre-judgment interest and attorneys' fees as provided by law and equity, under the applicable provision of the laws of the State of Texas.

## RESERVATION OF RIGHTS

30. These allegations against Defendant Trac-Work are made acknowledging that this lawsuit is still in its early stages, and investigation and discovery, although undertaken, are continuing. As further investigation and discovery are conducted, additional facts will surely be uncovered that may or probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to the case or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## REQUIRED INITIAL DISCLOSURE

31. Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear herein and answer, and upon final trial hereof, be awarded a judgment against the Defendant, that they recover their damages in accordance with the evidence; costs of court; pre-judgment interest; post-judgment interest at the highest lawful rate until the judgment is satisfied in full; and any and all other relief, both general and special, legal and equitable, in the amount the jury determines to be fair and reasonable, and to which Plaintiffs show themselves justly entitled.

*[signature block on following page]*

Respectfully submitted,

THE AMMONS LAW FIRM, L.L.P.

_/s/ Robert E. Ammons_

Robert E. Ammons
Texas Bar No. 01159820
3700 Montrose Boulevard
Houston, Texas 77006
Telephone:   (713) 523-1606
Facsimile:    (713) 523-4159
E-mail:        rob@ammonslaw.com
E-mail:        kyle@ammonslaw.com

THE LAW OFFICES OF MALONEY & CAMPOLO

Tim Maloney
Texas Bar No. 12887380
926 S. Alamo Street
San Antonio, Texas 78205
Telephone:   (210) 922-2200
Facsimile:    (210) 923-1313
E-mail:        tmaloney@maloneyandcampolo.com
E-mail:        cmartinez@maloneyandcampolo.com

*ATTORNEYS FOR PLAINTIFFS*